UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:06-cr-289-J-33MCR

RODNEY LEON SMITH

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Rodney Leon Smith's pro se Motion for Compassionate Release (Doc. # 284), filed on December 21, 2020. The United States responded on January 13, 2021, (Doc. # 286), and Smith subsequently filed a reply. (Doc. # 287). For the reasons set forth below, the Motion is denied.

I.  **Background**

In March 2008, a jury found Smith guilty of six counts of distribution of 5 grams or more of cocaine base, distribution of 50 grams or more of cocaine base, conspiracy to distribute 50 grams or more of cocaine base, possession with the intent to distribute 50 grams or more of cocaine base, and managing or controlling a residence for the purposes of unlawfully manufacturing, controlling, and distributing a controlled substance. (Doc. ## 56, 164). Smith was sentenced to 360 months' imprisonment on November 7, 2008. (Doc. # 187).

According to the Bureau of Prisons (BOP) website, Smith is forty-four years old and his projected release date is July 2, 2032.

Smith now seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his underlying medical conditions (which include hypertension, asthma, morbid obesity, sickle-cell trait, and pneumonia). (Doc. # 284; Doc. # 284-1 at 5-6).

The United States responded (Doc. # 286), and Smith replied. (Doc. # 287). The Motion is now ripe for review.

## II. Discussion

The government concedes that Smith has exhausted his administrative remedies, but argues that the Motion should be denied on the merits because Smith does not have an extraordinary and compelling reason for compassionate release. (Doc. # 286 at 4-5). The Court agrees that the Motion should be denied on the merits.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Smith argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau

2

>of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Smith bears the burden of establishing that compassionate release is warranted. See United States v.

Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Smith alleges that his medical issues weaken his immune and respiratory systems (Doc. # 287 at 3), he has not sufficiently demonstrated that he has a terminal illness or a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG § 1B1.13, comment. (n.1); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and COPD, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison). Indeed, Smith's medical records indicate that his pulmonary, cardiovascular, and peripheral vascular systems routinely test within normal limits. (Doc. # 286-2).

Additionally, neither the possibility of contracting COVID-19, nor his age of forty-four years, warrant release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone

4

cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); United States v. Ackerman, No. 11-740-KSM-1, 2020 WL 5017618, at *6 (E.D. Pa. Aug. 25, 2020) (noting that the designated at-risk age category for COVID-19 begins at 65 years old). Thus, Smith has not shown an extraordinary and compelling reason that justifies compassionate release, and his Motion is denied.

While Smith's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of

5

Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Rodney Leon Smith's pro se Motion for Compassionate Release (Doc. # 284) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of January, 2021.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE