UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                   Case No. 3:06-cr-289-VMC-MCR

RODNEY LEON SMITH

_____/

**ORDER**

This matter comes before the Court pursuant to Rodney Leon Smith's Motion for Sentence Reduction under the First Step Act of 2018 (Doc. # 298), filed on August 23, 2021. The United States filed a response in partial opposition on September 2, 2021. (Doc. # 300). Upon due consideration, the Motion is granted in part and denied in part.

I.   **Background**

In March 2008, a jury convicted Smith of the following crimes: (1) conspiracy to distribute 50 grams or more of crack cocaine (Count One); (2) managing or controlling a residence used for manufacturing, storing, and distributing controlled substances (Count Two); (3) distribution and possession with intent to distribute 50 grams or more of crack cocaine (Counts Three, Five, and Six); and (4) distribution of five grams or more of crack cocaine (Count Four). (Doc. ## 56, 164). Prior to trial, the government filed an information to establish a

1

prior conviction under 21 U.S.C. § 851, which triggered enhanced statutory penalties. (Doc. ## 55, 59).

Probation calculated an advisory guidelines range of 360 months to life in prison. (Doc. # 298 at 3). The Court sentenced Smith to a total prison term of 360 months' imprisonment. (Doc. # 187 at 2). This consisted of a 360-month term on Counts One, Three, Four, Five, and Six, and a concurrent 240-month term on Count Two. (Id.). The Court also ordered Smith to serve ten years' supervised release as to Counts One, Three, Four, Five, and Six and three years' supervised release as to Count Two, to run concurrently. (Id. at 3).

Smith now seeks a sentence reduction to 240 months' total imprisonment, to be followed by eight years' supervised release. (Doc. # 298 at 1). The United States does not oppose a reduction in Smith's supervised release to a term of eight years, but it opposes any reduction to Smith's term of imprisonment. (Doc. # 300 at 3-4).

Pursuant to the Omnibus Order In Re: Section 404 of the First Step Act entered on January 25, 2019, by Chief Judge Steven Merryday in case number 8:19-mc-10-SDM, the Probation Office prepared a confidential memorandum addressing Smith's eligibility for relief under the First Step Act.

2

The Probation Office determined that Smith is eligible for relief. (Doc. # 283). The Probation Office noted that the First Step Act would reduce the mandatory minimum statutory penalties in this case from 20 years to 10 years on Counts One, Three, Five, and Six, and would eliminate the mandatory minimum sentence as to Count Four. (Id. at 2, 4). In addition, Probation noted that the Act reduced the mandatory minimum term of supervised release from ten years to eight years on Counts One, Three, Five, and Six and would reduce the term in Count Four from eight years to six years. (Id. at 3, 4). Probation also noted that the reduction in statutory penalties has no impact on Smith's advisory guidelines range of imprisonment, which remains 360 months to life in prison. (Id.).

The Motion has been fully briefed and is ripe for review.

II. **Analysis**

Congress enacted the Fair Sentencing Act of 2010 to reduce the disparate statutory penalties for crack cocaine offenses. Dorsey v. United States, 567 U.S. 260, 268-69 (2012). Signed into law on December 21, 2018, Section 404(b) of the First Step Act makes retroactive the Fair Sentencing Act's reduction in the disparity between crack and powder cocaine sentences. Pub. L. No. 115-391, 132 Stat. 5194; see

also United States v. Means, No. 19-10333, 2019 WL 4302941, at *1 (11th Cir. Sept. 11, 2019) (explaining the interplay between the Fair Sentencing Act of 2010 and the First Step Act of 2018).

Under Section 404(b) of the First Step Act, the Court has the authority "to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time [a] covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b) (2018). While district courts have wide discretion in determining whether an eligible defendant's sentence should be reduced pursuant to the First Step Act, the Act does not authorize this Court to conduct a plenary or *de novo* resentencing. United States v. Jones, 962 F.3d 1290, 1304 (11th Cir. 2020); United States v. Denson, 963 F.3d 1080, 1089 (11th Cir. 2020).

Here, the parties agree that Smith's convictions are "covered offenses" under the First Step Act in light of recent Eleventh Circuit case law. (Doc. # 298 at 8; Doc. # 300 at 1). And the government and Probation both concede that the First Step Act lowered the statutory mandatory minimum sentences as to those covered offenses. (Doc. # 300 at 5-6; Doc. # 283 at 1-3). Thus, Smith is eligible for relief under the Act.

Therefore, the Court must determine whether, under the circumstances of this case, it will exercise its discretion to grant the Motion. A district court has "wide latitude to determine whether and how to exercise [its] discretion in this context" and may "consider all the relevant factors, including the statutory sentencing factors" set forth in 18 U.S.C. § 3553(a). Jones, 962 F.3d at 1304; see also United States v. Patterson, No. 8:06-cr-293-EAK-SPF, 2019 WL 5653689, at *2 (M.D. Fla. Oct. 31, 2019) (explaining that, to determine an appropriate sentence reduction under the First Step Act, the Court considers the factors enunciated in Section 3553(a), the revised statutory range under the Fair Sentencing Act, the Sentencing Guidelines, and Defendant's post-sentencing conduct).

In the Motion, Smith points out that he has served 15 years in prison and that granting this Motion would result in his release in two years, when is 47 years old. (Doc. # 298 at 12-13). While in prison, Smith earned his GED, completed a drug education course, consistently received good ratings in his job working for UNICOR, and availed himself of hundreds of hours of vocational and educational courses. (Id. at 13). Smith does have six disciplinary incidents on his prison record, but they are all minor, and his conduct has been clear

5

for the last five years. (Id. at 14; Doc. # 298 at 3). Smith has also secured an offer of employment upon his release and plans to earn his commercial truck driver's license. (Doc. # 298 at 15). Additionally, Smith has submitted a letter to the Court taking responsibility for his past actions and expressing his remorse and contrition. (Doc. # 298-3).

Here, although Smith's crimes were serious, the Court believes a reduction to a 240-month total sentence is appropriate given the changes to the statutory mandatory minimum sentences enacted by the First Step Act specifically and the evolving changes to sentencing law and policy generally. Smith has also used his time in prison well, educating himself and avoiding disciplinary issues. Having considered the record here, the need for the sentence to reflect the seriousness of the offense, provide just punishment, and the kinds of sentences available – along with all of the other Section 3553(a) factors – it is the Court's determination that a 240-month sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Accordingly, the Court will reduce Smith's term of imprisonment on Counts One, Three, Four, Five, and Six to a term of 240 months, all to run concurrently with each other

and with the previously imposed 240-month sentence on Count Two.[1]

However, upon due consideration, the Court will deny Smith's request to reduce his term of supervised release. Given the record before it, and the need to protect the public, the Court believes that Smith's existing ten-year total term of supervised release is appropriate. Therefore, the Court will leave undisturbed the term of supervised release as set forth in the Judgment.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Rodney Leon Smith's Motion for Sentence Reduction under the First Step Act of 2018 (Doc. # 298) is **GRANTED IN PART and DENIED IN PART.**

(2) As to Counts One, Three, Four, Five, and Six, Smith's previously imposed term of imprisonment is reduced to a

---

[1] While Smith requests that this Court also reduce his sentence on Count Two, the Court may not do so because it is not a "covered offense" under the First Step Act. Courts are not free to change a defendant's sentence on counts that are not covered offenses. Denson, 963 F.3d at 1089. This language is not, as Smith suggests, mere dicta. As the Eleventh Circuit has explained, this language is "an alternative holding, and in this circuit additional or alternative holdings are not dicta, but instead are binding as solitary holdings." United States v. Gee, 843 F. App'x 215, 217 (11th Cir. 2021).

7

term of 240 months, to run concurrently with each other and with the previously imposed 240-month sentence on Count Two.

(3) Smith's previously imposed term of supervised release remains intact.

(4) The Clerk is directed to enter an Amended Judgment in accordance with this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of October, 2021.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE